AMERICAN LAUNDRY MACHINERY MFG. CO. v. TROY LAUNDRY MACHINERY CO., Limited.

(Circuit Court of Appeals, Second Circuit. November 9, 1909.)

No. 185.

1. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—CLOTHES DRIER.
   The Barnes patent, No. 684,776, for a clothes drier, was not anticipated, and discloses invention; also *held* infringed.
   [Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

2. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—CLOTHES DRIER.
   The Hagen & Cooper patent. No. 735,366, for a clothes drier, *held* not anticipated and valid, but limited by the prior art to a construction covering only the specific stop device shown and described; also *held* infringed.
   [Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

Appeal from the Circuit Court of the United States for the Northern District of New York.

Suit in equity by the American Laundry Machinery Company against the Troy Laundry Machinery Company, Limited. Decree for complainant (171 Fed. 878), and defendant appeals. Affirmed.

Livingston Gifford and E. B. Stocking, for appellant.
Church & Rich (F. F. Church, of counsel), for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. The facts are fully stated, the patents carefully described, and the prior art discussed in Judge Ray's opinion above cited, and also in a prior opinion by the same judge on motion for pre-

liminary injunction. 161 Fed. 556. The Barnes patent is also discussed in an opinion by Judge Holland in Circuit Court, Eastern District of Pennsylvania. Barnes v. Lingo, 151 Fed. 59. It will not be necessary to rehearse what was said in these opinions.

As to the Barnes patent, we concur with Judge Ray's reasoning and conclusions. When the motion for preliminary injunction was under discussion, there seems to have been some question raised as to infringement, requiring construction of the claims in the light of file wrapper and contents; but we understand that defendant does not now dispute the statement in the later opinion below that it has copied Barnes' arrangement in all its parts.

The combination of a steam-heated dry room with an endless conveyor carrying the clothes into, through, and out of the room, which Barnes disclosed in his patent, is a simple one. It seems strange that those skilled in the art did not find it obvious, and the question of patentable invention is a close one. Nevertheless it accomplished results long sought for, and remedied defects which were generally recognized as very troublesome. The reception accorded to it by laundrymen, when it was first shown to them at their convention in 1900, and subsequently, we find persuasive to the conclusion that it was because of the exercise of the inventive faculty that Barnes discovered a combination which did not occur to them, although they had long been seeking for something which would better existing conditions.

Defendant criticises this "commercial evidence" on the ground that it does not appear that any builder or user of these drying rooms knew of the Norton conveyor. That conveyor is shown in two English patents granted in 1864, there is no suggestion that it ever existed, except on paper, and presumably no one in this country ever saw or heard of it till it was dug up as a reference in this litigation. But we do not understand that any peculiarities of the Norton conveyor are essential to the success of the new combination. Any conveyor which would carry the clothes dependent from it through the room would seem to answer the purpose; and it must be assumed that laundrymen generally, like other intelligent and observing men, must have known that the endless conveyor was a device in common use in many arts. The circumstances that it did not occur to any of them when trying to improve their dry rooms individually, or collectively in their conventions, to combine such a conveyor with the side-heated room, seems to us sufficiently to determine the question of patentable invention in favor of Barnes.

As to the Hagen & Cooper patent, we concur with the Circuit Court, but think that, in view of the state of the art, the claims cannot be sustained broadly for any and every form of stop device "adjustable on the carriers" or "on the conveyor." They must be so restricted as to cover only the specific devices shown in the specifications; but, as thus restricted, they seem to be infringed.

The decree of the Circuit Court is affirmed, with costs.